Matter of Khalia R.R. v Evans D. (2020 NY Slip Op 06726)





Matter of Khalia R.R. v Evans D.


2020 NY Slip Op 06726


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Docket No. V-2952/18, V-25821/17 Appeal No. 12400 Case No. 2019-04609 

[*1]In the Matter of Khalia R.R., Petitioner-Respondent,
v
Evans D., Respondent-Appellant.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for respondent.



Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about October 4, 2019, which, to the extent appealed from as limited by the briefs, limited respondent father's visitation with the child, unanimously affirmed, without costs.
The determination that respondent should have a series of unsupervised day visits with the child before overnight visits could begin has a sound and substantial basis in the record (see Matter of Carmen G. v Rogelio D., 100 AD3d 568, 568 [1st Dept 2012]). The referee properly considered the age of the child, the amount of time she had spent with respondent, the evaluation reports by Comprehensive Family Services, respondent's relocation out of state, and his limited availability to visit the child in the state due to his recent enlistment in the Army. Although respondent demonstrated that he wants to be a responsible caregiver, the record shows that he did not have sufficient insight into caring for an infant or child. Contrary to respondent's contention, the visitation schedule set by the court, which includes unsupervised day visits with an opportunity to obtain overnight visits and to increase the number of consecutive visits with time, will allow him to develop a meaningful and nurturing relationship with the child (see id.).
No hearing on visitation was necessary, as the referee possessed sufficient uncontested information to render an informed determination consistent with the best interests of the child (see Matter of Chaim N. [Angela N.], 103 AD3d 728, 729 [2d Dept 2013]). Further, the record does not support respondent's contention that the referee was biased against him. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020